SARAH BRIDGERS v. S. D. GRIFFIN.

(Filed 28 March, 1928.)

**Appeal and Error—Record—Exceptions—Rules of Court.**

The case on appeal to the Supreme Court will be dismissed when the transcript does not conform to the rules of Court regulating appeals.

APPEAL by plaintiff from *Sinclair, J.,* at October Term, 1927, of WAKE. Appeal dismissed.

Action under C. S., 2357, for settlement of controversy between the parties, arising out of their relationship as tenant and landlord for the year 1925. The amount claimed by plaintiff is $200 or less.

The action was begun by summons issued by a justice of the peace of Wake County, dated 20 January, 1926, and returnable on 30 January, 1926. Defendant appeared on the return day when the action was tried. No judgment was rendered on said day. Thereafter without notice to defendant, and in his absence, judgment was rendered that plaintiff recover of defendant the sum of $200, interest and costs. This judgment was entered on the docket of the justice of the peace on 5 April, 1926. A transcript of said judgment was subsequently docketed in the office of the clerk of the Superior Court of Wake County, and execution issued thereon against defendant on 7 June, 1927. Defendant had no notice prior to the service of said execution of the rendition of said judgment in favor of plaintiff and against defendant. For this reason defendant did not appeal from said judgment.

The action was thereafter docketed in the Superior Court of Wake County for trial, pursuant to a writ of *recordari,* issued upon petition of defendant, filed with the judge presiding in said court on 14 June, 1927.

At the trial in the Superior Court the issues submitted to the jury were answered as follows:

"1. Is the defendant indebted to the plaintiff, and if so, in what amount? Answer: No.

"2. Is the plaintiff indebted to the defendant, and if so, in what amount? Answer: No."

From judgment in accordance with the verdict plaintiff appealed to the Supreme Court.

*S. W. Eason for plaintiff.*
*Wm. B. Jones, J. S. Griffin and R. N. Simms for defendant.*

PER CURIAM. The transcript, docketed in this Court, upon plaintiff's appeal, does not comply with the Rules of Practice, revised and adopted at Fall Term, 1926, of this Court. See 192 N. C., 837.

There are no assignments of error based on the exceptions which appear in the case on appeal. The exceptions on which plaintiff relies are not grouped and numbered separately, as required by Rule 19, sec. 3.

An examination of the record fails to disclose sufficient grounds upon which the transcript in this case should be referred by the Court, in its discretion, as permitted by the Rules, to the clerk or to some attorney, for a statement of the exceptions as required thereby.

No exceptions were taken during the trial in the Superior Court, where the action was heard upon its merits; all the exceptions appearing in the case on appeal are directed to the issuance of the writ of *recordari*, pursuant to which the action was docketed in the Superior Court for trial *de novo*. These exceptions not having been grouped and numbered separately, as required by the above cited rule, have not been considered by the Court.

Transcripts of the record, including the case on appeal, as agreed upon by the parties, or as settled by the judge, docketed in this Court, must conform to its Rules. Otherwise the appeal will be dismissed, unless upon an examination of the transcript the Court shall, in its discretion, refer the transcript to the clerk or to some attorney, as permitted by the Rule, with direction to revise the same to make it conform to the Rule. *Thresher Co. v. Thomas,* 170 N. C., 680. Rules of Practice have been adopted by this Court, in the exercise of the power conferred upon it by the Constitution, in order that its large and constantly increasing volume of business may be dispatched promptly.

Appellant having failed to comply with Rule 19, sec. 3, her appeal is Dismissed.